UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:14-CV-00286-H

CHRISTOPHER CARMICLE                                                PLAINTIFF

v.

BJI HOLDINGS, LLC, et al.                                           DEFENDANTS

**MEMORANDUM OPINION**

Insofar as the Court can determine, the parties' dispute here arises from Plaintiff Carmicle's performance as a leading executive for Defendants, Brown Jordan, some of its executives and its affiliates. Plaintiff claims that using legitimate access to company e-mails he uncovered various fraudulent securities schemes among the company's top executives. Defendants, in turn, believe that Plaintiff defrauded them and their company and unlawfully hacked into their personal e-mails.

The legal proceedings began when Defendants filed claims in federal court in the Southern District of Florida. A week later Carmicle filed his own related claims in Jefferson Circuit Court. Defendants removed Carmicle's state lawsuit to federal court here on grounds that it included several federal claims.

Defendants want the cases to proceed in Florida where they filed the first claims of this lawsuit and where Plaintiff's employment agreements designate as the proper forum for any dispute. Consequently, they have moved to transfer our case to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a), which allows transfer for the convenience of the parties and witnesses and in the interest of justice. Carmicle wants his claims remanded to state court

because he believes his ten state court claims predominate over his two comparatively minor federal claims. Consequently, he has moved to remand to state court pursuant to 28 U.S.C. § 1447(c). Moreover, Carmicle urges the Court to decline to exercise its supplemental jurisdiction under 28 U.S.C. § 1367(a) and (c). There is no perfect answer which can give respect to all the legitimate interests asserted here.

The claims asserted by each side are essentially mirror images of the other. Whenever each party finally asserts counterclaims, the Florida and Kentucky actions should be virtually identical. The Court has the discretion to determine which motion—to transfer or remand—that it should consider first. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007); *see also Med. Mut. of Ohio v. k. Amalia Enterprises Inc*., 548 F.3d 383, 393 (6th Cir. 2008).

Defendants are headquartered in Florida and do business nationwide. Carmicle worked for Defendants from 2002 until his termination in 2014. He lived in Florida until 2005, and then moved to Kentucky but continued to travel to Florida for work. Both sides claim a substantial amount of evidence and witnesses would come from either state. It is impossible to say now where the evidence would predominate.

Defendants' motion to transfer presents the clearest path. The first-to-file rule, a "well-established doctrine that encourages comity among federal courts of equal rank," *AmSouth Bank v. Dale,* 386 F.3d 763, 791 n.8 (6th Cir. 2004) (quoting *Zide Sport Shop of Ohio v. Ed Tobergte Assoc., Inc.,* 16 Fed.Appx. 433, 437 (6th Cir. 2001) (unpublished)) presents a strong case for transfer because (1) the two actions are very similar, *see Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 551 (6th Cir. 2007);  (2) inconvenience in any venue seems equal for the parties and (3) the contractual venue provision at least partially

supports a Florida venue, *see Preferred Capital, Inc. v. Associates in Urology*, 453 F.3d 718, 721 (6th Cir. 2006).

Carmicle claims that Defendants have tricked him by pretending to negotiate, then filing in Florida and improperly removing to federal court here. The Court is certain that the parties were engaged in negotiations but it is far from clear that Defendants deceived Plaintiff into delaying his own lawsuit. Moreover, removal is certainly proper based on Plaintiff's federal claims. *See* 28 U.S.C. § 1441(c); 28 U.S.C. § 1367(a).

The only issues for remand are (1) whether Carmicle's federal claims are so related to the state claims that this Court should retain supplemental jurisdiction over the latter claims and (2) whether the state claims so substantially predominate that at best they should be remanded. Plaintiff's ten state claims seem more substantial and significant than the two federal claims for computer infringement. On the other hand, the federal and state claims, all stemming from Carmicle's termination and likely involving overlapping facts and witnesses, seem sufficiently related for the Court to exercise supplemental jurisdiction over the state law claims. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966). The decision to do so is within the Court's discretion. *Taylor v. First of Am. Bank–Wayne,* 973 F.2d 1284, 1287 (6th Cir.1992).

This is a close case with several legitimate competing interests. The Sixth Circuit directs that, in determining whether to exercise supplemental jurisdiction, a court should consider "interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993) (quoting *Aschinger v. Columbus Showcase Co*., 934 F.2d 1402, 1412 (6th Cir. 1991)). Where judicial economy would not be served and the case does not

raise complex or novel issues of state law, this Court has previously retained supplemental jurisdiction. *See Tallon v. Lloyd & McDaniel*, 497 F.Supp. 2d 847, 854 (W.D. Ky. 2007).

Despite the significance of the state law claims, the interests of justice are not advanced by splitting these claims between state and federal courts or having them litigated in separate federal courts. Rather, separate proceedings may lead to duplication and inefficiency. Further, this case presents no novel issues of state law. Transfer to the Southern District of Florida complies with the reasonable concerns and objectives of the first-to-file rule and allows resolution of this controversy in a forum where jurisdiction and venue are probably most appropriate.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' motion to transfer this case is SUSTAINED and the case is TRANSFERRED to the Southern District of Florida for consolidation with the first filed case.

IT IS FURTHER ORDERED that Carmicle's motion to remand is DENIED.

All other motions are MOOT.

cc:   Counsel of Record
      Southern District of Florida